### D.B. ZWIRN SPECIAL OPPOR-TUNITIES FUND, L.P., Plaintiff–Appellee,

v.

### Percy SQUIRE and Frank E. Halfacre, Defendants–Appellants,

**Huntington National Bank, Intervenor.**

**No. 05–3668–CV.**

United States Court of Appeals, Second Circuit.

Feb. 1, 2006.

Percy Squire, Percy Squire, Co., LLC, Columbus, Ohio, for Appellants.

David M. Hillman, Schulte Roth & Zabel, LLP, New York, New York, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges, and Honorable EDWARD R. KORMAN, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court, entered on June 1, 2005, is AFFIRMED.

Defendants Percy Squire and Frank Halfacre (hereinafter "defendants") appeal from an award of summary judgment in favor of D.B. Zwirn Special Opportunities Fund, L.P. (hereinafter "DBZ"), in this suit for breach of a loan guaranty agreement. We review *de novo* a district court's grant of summary judgment, and we will affirm only if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine material issue of fact for trial and that the movant is entitled to judgment as a matter of law. *See, e.g., Jute v. Hamilton Sundstrand Corp.,* 420 F.3d 166, 172 (2d Cir.2005). We assume the parties'

---

**1.** The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Defendants do not dispute their guaranty obligation on the loan indebtedness between DBZ and certain corporate borrowers. Rather, defendants submit that the district court erred in awarding DBZ summary judgment because the underlying financing agreement is ambiguous as to whether the loan debt had reached maturity so as to trigger defendants' guaranty obligation. We disagree.

The financing agreement defines the "Final Maturity Date" for the loans at issue as "May 6, 2005," or a "later date if extended by the Borrowers in accordance with Section 2.10." Contract § 1.01. Preliminarily we note the obvious: the contract does not contain a Section 2.10, and the quoted reference to "Section 2.10" is clearly a typographical error qualifying as a mutual mistake *See Investors Ins. Co. of Am. v. Dorinco Reinsurance Co.,* 917 F.2d 100, 105 (2d Cir.1990) (holding that, under New York law, "parol evidence is admissible to establish the existence of [a] mutual mistake" in a contract). The intended reference is obviously to Section 2.09, the provision of the financing agreement entitled "Extension of Maturity Date," which outlines the terms and procedures for an extension of the May 6, 2005 date. *See* Contract § 1.01 (defining "Extension" to have "the meaning specified therefor in Section 2.09(a)").

Contrary to Squire's assertions, Section 2.09 does not contain an automatic six-month extension of the May 6, 2005 maturity date. Rather, it provides that the Borrowers may secure a 180-day extension by providing "written notice ... no earlier than ninety (90) days and no later than thirty days prior to the Final Maturity Date." Contract § 2.09. Further, Section 2.09 unambiguously conditions any

extension on the borrowers not being in default of the agreement "on the date of such Extension Notice." *Id.*

It appears undisputed that the borrowers first attempt to secure an extension in this case was by way of a letter dated May 17, 2005—in other words, later than thirty days prior to the May 6, 2005 Final Maturity Date. Moreover, by the notice date, the borrowers were in default, both on interest obligations that began in February 2005 and on the principal indebtedness, which became due on May 6, 2005. Therefore, under the plain terms of the contract, the borrowers no longer qualified for an extension, and the defendants, as guarantors, were obligated to cover their defaults.

The district court's grant of summary judgment, entered on June 1, 2005, is hereby AFFIRMED.